UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOLDEN BRIDGE LLC D/B/A GOLDEN BRIDGE
FUNDING LLC,

Civil Action No.: 22 - 2551

Plaintiff,

-against-

QUEENSWAY BUILDERS LLC, LAST CHANCE FUNDING INC., NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES, NEW YORK CITY DEPARTMENT OF FINANCE, ROC FUNDING GROUP, HFH CAPITAL FUNDING LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, ATTIQUE REHMAN, JOHN ZURITA, 2S2J CORP.,

Defendants.
-------------------------------------------------------------X

## COMPLAINT

GOLDEN BRIDGE LLC D/B/A GOLDEN BRIDGE FUNDING LLC, ("GOLDEN BRIDGE" or "Plaintiff") by and through its attorneys, VALLELY LAW, PLLC, as and for its Complaint to foreclose the premises and mortgages against QUEENSWAY BUILDERS LLC ("QUEENSWAY"); LAST CHANCE FUNDING INC., NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES, NEW YORK CITY DEPARTMENT OF FINANCE, ROC FUNDING GROUP, HFH CAPITAL FUNDING LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, ATTIQUE REHMAN, JOHN ZURITA, 2S2J CORP., (together with Queensway collectively referred to as the "Defendants"), respectfully alleges upon information and belief as follows:

1

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose on mortgages encumbering the properties commonly known 33 Hale Avenue, Brooklyn, New York 11208 also known as Block: 3916; Lot: 3 on the Kings County Tax Map and 118-49 Farmers Blvd. Saint Albans, New York 11412 also known as Block: 12603 Lot: 54 on the Queens County Tax Map (hereinafter collectively the "Property" or "Premises"). The legal description of both Properties is attached at **Exhibit A** and **Exhibit B**.

## PARTIES

2. GOLDEN BRIDGE is a limited liability company organized under the laws of the State of Delaware.

3. GOLDEN BRIDGE members are citizens of Israel. For the purposes of diversity, GOLDEN BRIDGE is a citizen of Israel.

4. Upon information and belief, QUEENSWAY is a domestic limited liability company with its principal place of business located at 149-17 121st Street, Richmond Hill, New York 11420 and whose members reside in New York. For diversity purposes, QUEENSWAY is a citizen of New York.

5. Queensway is necessary party-defendant to this action by virtue of the fact that it: (i) was present at the time of the execution and did execute an Amended, Restated, and Consolidated Secured Promissory Note ("Consolidated Note") (as such terms are defined below); (ii) executed, acknowledged and delivered a Consolidation, Extension and Modification Agreement and Amended, Restated and Consolidated Mortgage ("CEMA"), Assignment of Leases and Rents ("ALR 1"), Spreader and Security Agreement; (iii) executed, acknowledged and

delivered a Building Loan Note ("BLN") (as such terms are defined below) (iv) executed, acknowledged and delivered a Building Loan Mortgage and Security Agreement ("BLM"), Assignment of Leases and Rents ("ALR 2"), Building Loan Agreement.

6. Upon information and belief, LAST CHANCE FUNDING INC., is a domestic corporation formed under the laws of the State of New York having a principal address of 3000 Marcus Avenue, Suite 2W15, Lake Success, New York 11042, and as such, for diversity purposes, is a citizen of New York.

7. LAST CHANCE FUNDING INC., is necessary party-defendant to this action by virtue of the fact that it is a judgment creditor docketed on July 21, 2021 in Control Number 002456691 01 and 002456691 02, in the amount totaling $24,367.74, which judgment is subject to and subordinate to Plaintiff's mortgage. *See* **Exhibit C**.

8. Upon information and belief, NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES is a corporation formed under the laws of the State of New York with its principal place of business at 128-24 Rockaway Blvd., South Ozone Park, New York 11428 and as such, for diversity purposes, is a citizen of New York.

9. NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES, is necessary party-defendant to this action by virtue of the fact that it holds a judgment and mechanics lien in the amount of $19,279.20 docketed in Control Number 002424288 01 on October 15, 2020. *See* **Exhibit C**.

10. NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES also holds a mechanics lien against the property known more commonly on the Kings County Tax Map as Block 3916 Lot 3, which lien was docketed in Control Number 004001220 091 on September 30, 2021. *See* **Exhibit C**.

11. In addition, NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES also holds a mechanics lien in the amount of $11,273.34, which lien was docketed on October 15, 2020 in Control Number 003951543 01 and Control Number 004001220 01 on September 30, 2021 against the property more commonly known as Block: 03916 Lot: 3 on the Kings County Tax Map. *See* **Exhibit C**.

12. NEW ERA LUMBER, INC. D/B/A NEW ERA LUMBER INDUSTRIES also holds judgments docketed on March 15, 2021 in Control Number 002442160 02, 002442160 05, 00244216 01, 002442160 04, judgments totaling $44,427.50. *See* **Exhibit C**.

13. The New York State Department of Finance was established under Title 11 of the New York City Administrative Code as an administrative tribunal of the City of New York. As such, for purposes of diversity jurisdiction, the New York State Department of Taxation and Finance, with its principal place of business located at 59 Maiden Lane, New York, New York 10038 is a citizen of New York State.

14. New York City Department of and Finance is a necessary party-defendant to this action based on a judgment docketed on November 24, 2020 in Control Number 002427525 01 in the amount of $42.63, which judgment is subject to and subordinate to Plaintiff's mortgage being foreclosed. *See* **Exhibit C**.

15. Upon information and belief, ROC FUNDING GROUP is a domestic limited liability company organized under the State of New York with a business address of 1457 RICHMOND ROAD, STATEN ISLAND, NY, 10304 or an address located at 260 Christopher Lane, Staten Island, New York 10314. Upon information and belief, the members of ROC FUNDING GROUP reside in New York, therefore, for diversity purposes ROC FUNDING GROUP is a citizen of New York.

16. ROC FUNDING GROUP, is necessary party-defendant to this action by virtue of the fact that it holds a judgment docketed on November 25, 2020 in Control Number 002429117 01 in the amount of $13,708.67, which judgment is subject to and subordinate to Plaintiff's mortgage. *See* **Exhibit C** for a copy of the judgment.

17. Upon information and belief, HFH Capital Funding LLC is a domestic limited liability company organized under the laws of the State of New York with a resident of the State of New York having an address of 1677 44TH STREET, BROOKLYN, NY 11204 or 6010 New Utrecht Avenue, Brooklyn, New York 11219 and whose members reside in New York as such, for diversity purposes, HFH Capital Funding LLC is a citizen of New York.

18. HFH CAPITAL FUNDING LLC, is necessary party-defendant to this action by virtue of the fact that it holds a judgment in the amount of $41,213.11 docketed on October 8, 2021 in Control Number 004002563 01. *See* **Exhibit C**. Said judgment is subject and subordinate to Plaintiff's Mortgage as consolidated.

19. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD (hereinafter "ECB") was established under §1404 of the New York City Charter and operates as an administrative tribunal of the City of New York. As such, for purposes of diversity jurisdiction, the ECB, with its principal place of business located at 59-17 Junction Boulevard, Corona, New York 11358, is a citizen of New York State.

20. ECB is necessary party-defendant to this action based on certain liens/judgments, which are subject to and subordinate to the Plaintiff's Mortgage being foreclosed herein. *See* liens/judgment annexed at **Exhibit C**.

21. Upon information and belief, ATTIQUE REHMAN is a resident of the State of New York having an address of 100-02 101st Avenue, Suite LL-5, Ozone Park, New York 11416 and as such, for diversity purposes, is a citizen of New York.

22. ATTIQUE REHMAN, is necessary party-defendant to this action by he is a secured party pursuant to a financing statement recording in the Office of the City Register of the City of New York for the County of Kings in CRFN: 2021000254684 on July 6, 2021. *See* **Exhibit C**.

23. Upon information and belief, JOHN ZURITA is a resident of the State of New York having an address of 53-31 210th Street, Bayside, New York and as such, for diversity purposes, is a citizen of New York. JOHN ZURITA, is necessary party-defendant to this action by virtue of the fact that it holds a mechanics lien.

24. Zurita holds a mechanics lien which lien was docketed on December 21, 2020 in the Queens County Supreme Court under control number 002431827 01 in the amount of $5,000.00 against the property known as Block: 12603 Lot 54. Said mechanics lien is subject to and subordinate to Plaintiff's Mortgage. *See* Lien at **Exhibit C**.

25. Upon information and belief, 2S 2J CORP., is a corporation duly formed under the laws of the State of New York with its principal place of business at 1406 Hancock Street, #2, Brooklyn, 11237. For diversity purposes, 2S 2J CORP is a citizen of New York.

26. 2S2J CORP., is necessary party-defendant to this action by virtue of the fact that it holds a mechanics lien against the property known as Block 12603 Lot 54. The mechanics lien was docketed on October 20, 2020 in the Queens County Supreme Court in Control Number 002324451 01 in the amount of $6,400.00. *See* **Exhibit C**. The above-mentioned mechanics lien is subject to and subordinate to Plaintiff's Mortgage.

27. Each of the above-named defendants has, or claimed to have or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to the Lien of Plaintiff's Mortgage.

## JURISDICTION AND VENUE

28. This action is between citizens of different states.

29. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

30. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

31. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

32. A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

33. On January 14, 2020, QUEENSWAY executed a Note to Bayport Funding LLC, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $415,000.00 plus interest ("Note 1"). Said note was secured by a Mortgage (hereinafter "Mortgage 1") to Bayport Funding LLC., recorded on January 31, 2020, in the Office of the City Register of the City of New York for the County of Kings in City Register File Number ("CRFN") 2020000041509. The applicable mortgage tax was paid. *See* Mortgage at **Exhibit D**.

34. Note 1 and Mortgage 1 were transferred and assigned to Plaintiff by *mesne* Assignments of Mortgage on May 12, 2020 and recorded on June 3, 2020. *See* Assignments of Mortgage 1 at **Exhibit E.**

35. QUEENSWAY also executed a Note on January 14, 2020, to Bayport Funding LLC, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $235,000.00 plus interest ("Note 2"). Said Note was secured by a Mortgage (hereinafter "Mortgage

7

2") to Bayport Funding LLC dated January 14, 2020, and recorded on January 31, 2020, in the Office of the City Register of the City of New York for the County of Kings in CRFN: 2020000041510. The applicable mortgage tax was paid. *See* Mortgage 2 at **Exhibit F**. Mortgage 2 secures the property known as 33 Hale Avenue, Brooklyn, New York 11208 also known as Block: 3916; Lot: 3 on the Kings County Tax Map.

36. Note 2 and Mortgage 2 were transferred and assigned to Plaintiff by *mesne* Assignments of Mortgage on May 12, 2020 and recorded on June 3, 2020, in CRFN: 2020000162366. *See* Assignments of Mortgage at **Exhibit G.**

37. QUEENSWAY also executed a Note dated January 30, 2020, to Bayport Funding LLC, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $525,000.00 plus interest (hereinafter "Note 3"). Said Note 3 was secured by a Mortgage (hereinafter "Mortgage 3") to Bayport Funding LLC dated January 30, 2020, and recorded on March 4, 2020, in the Office of the City Register of the City of New York for the County of Queens in CRFN: 2020000083144. The applicable mortgage tax was paid. *See* Mortgage 3 at **Exhibit H**. Mortgage 3 secures the property known as 144-34 256th Street, Rosedale, New York also known as Block: 13586; Lot: 50 on the Queens County Tax Map.

38. Note 3 and Mortgage 3 were transferred and assigned to Plaintiff by *mesne* Assignments of Mortgage on May 12, 2020 and recorded on June 3, 2020 in the Office of the City Register of the City of New York for the County of Queens in CRFN: 2020000162360. See Assignments of Mortgage at **Exhibit I**.

39. QUEENSWAY also executed a Note on January 30, 2020, to Bayport Funding LLC, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $100,000.00 plus interest (hereinafter "Note 4"). Said Note was secured by a Mortgage

(hereinafter "Mortgage 4") to Bayport Funding LLC dated January 30, 2020, and recorded on March 4, 2020, in the Office of the City Register of the City of New York for the County of Queens in CRFN: 20200000083145. The applicable mortgage tax was paid. *See* Mortgage 4 at **Exhibit J**. Mortgage 4 secures the property known as 144-34 256th Street, Rosedale, New York also known as Block: 13586: Lot: 50 on the Queens County Tax Map.

40. Note 4 and Mortgage 4 were transferred and assigned to Plaintiff by *mesne* Assignments of Mortgage on May 12, 2020 and recorded on June 3, 2020 in the Office of the City Register of the City of New York for the County of Queens in CRFN: 20200000162359. See Assignments of Mortgage **Exhibit K**.

41. QUEENSWAY also executed a Note on January 9, 2020, to Bayport Funding LLC, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $644,000.00 plus interest (hereinafter "Note 5"). Said Note 5 was secured by a Mortgage (hereinafter "Mortgage 5") to Bayport Funding LLC dated January 9, 2020, and recorded on February 7, 2020, in the Office of the City Register of the City of New York for the County of Queens in CRFN: 2020000050569. The applicable mortgage tax was paid. *See* Mortgage 5 at **Exhibit L**. Mortgage 5 secures the property known as 118-49 Farmers Blvd., Saint Albans, New York also known as Block: 12603 Lot: 54 on the Queens County Tax Map.

42. Note 5 and Mortgage 5 were transferred and assigned to Plaintiff by *mesne* Assignments of Mortgage on May 12, 2020 and recorded on June 3, 2020 in the Office of the City Register of the City of New York for the County of Queens in CRFN: 20200000162362. *See* Assignments of Mortgage at **Exhibit M**.

43. QUEENSWAY also executed a Note on May 15, 2020, to Plaintiff, whereby it loaned to QUEENSWAY and QUEENSWAY agreed to repay, the sum of $166,000.00 plus

interest ("Note 6"). Said Note was secured by a Mortgage in the amount of $166,000.00 executed on May 15, 2020 and recorded on June 3, 2020 in the Office of the City Register of the City of New York for the County of Kings and Queens in CRFN: 2020000162367 (hereinafter "Mortgage 6"). *See* Mortgage 6 at **Exhibit N.**

44. Mortgage 6 secures three (3) properties known as 118-49 Farmers Blvd., Saint Albans, New York also known as Block: 12603: Lot: 54 on the Queens County Tax Map, the property known as 144-34 256th Street, Rosedale, New York and more commonly known as Block: 13586 Lot: 50 on the Queens County Map and the property known as 33 Hale Avenue, Brooklyn, New York and known on the Kings County Tax Map as Block: 3916 Lot: 3. *See* Mortgage at **Exhibit N.**

45. On May 15, 2020, QUEENSWAY also executed an Amended, Restated and Consolidated Secured Promissory Note ("Consolidated Note") in the amount of $1,840,000.00 in favor of the Plaintiff. *See* **Exhibit O.**

46. On May 15, 2020, as security for the Consolidated Note QUEENSWAY also executed a Consolidation, Extension and Modification Agreement ("CEMA"), wherein Mortgages 1 through 6 were consolidated to form one single lien in the amount of $1,840,000.00. Said CEMA was recorded in the Office of the City Register of the City of New York for the County of Queens and Kings in CRFN: 202000162368. Said CEMA was recorded against all three (3) properties discussed in the preceding paragraph. *See* **Exhibit P.**

47. On May 15, 2020, QUEENSWAY executed an Assignment of Leases and Rents ("ALR 1") in favor of the Plaintiff, which Assignment of Leases and Rents was recorded on June 3, 2020 against the three (3) above-discussed properties in City Register File Number

2020000162374 in the Office of the City Register of the City of New York for the County of Kings and Queens. *See* Assignments of Leases and Rents at **Exhibit Q**.

48. On June 4, 2020, QUEENSWAY also executed and Building Loan Note ("BLN") in the amount of $625,000.00 in favor of the Plaintiff. *See* **Exhibit R**.

49. On June 4, 2020, as security for the BLN, QUEENSWAY also executed a Building Loan Mortgage ("BLM"), which mortgage in the amount of $625,000.00 was recorded on June 23, 2020 in CRFN: 2020000179427 in the Office of the City Register of the City of New York for the County of Kings and Queens. *See* **Exhibit S**. Said mortgage is subject to and subordinate to Plaintiff's CEMA.

50. On June 4, 2020, QUEENSWAY executed an Assignment of Leases and Rents ("ALR 2") in favor of the Plaintiff, which Assignment of Leases and Rents was recorded on June 23, 2020, against the three (3) above-discussed properties in City Register File Number 2020000179428 in the Office of the City Register of the City of New York for the County of Kings and Queens. *See* Assignments of Leases and Rents at **Exhibit T**.

51. On March 2, 2022, Releases were recorded in the Office of the City Register of the City of New York County of Queens in CRFN: 202200093558, 202200093557 and 202200009355 for the property known as 144-34 256th Street, Rosedale, New York and more commonly known on the Queens County Tax Map as Block 13586 Lot 50[1]. *See* Releases at **Exhibit U**. A UCC Termination was similarly filed on March 2, 2022 in CRFN: 202200093559. *See* UCC Termination at **Exhibit U**.

---

[1] As releases were filed, the property known as 144-34 256th Street, Rosedale, New York was released and is not subject to this foreclosure action.

11

52. Plaintiff is in physical possession and is the owner and holder of the Consolidated Note, CEMA, BLN, BLM, ALR1 and ALR 2 as affixed hereto. The Consolidated Note, CEMA, the BLN and BLM have not been transferred or assigned to any other entity.

53. Queensway has failed to comply with the terms and provisions of the CEMA and BLM by failing to pay the installment balance due on the first day of May 2, 2021 and the default continues to date.

54. The following amount is now due and owing on the Consolidated Note and CEMA, no part of any of which has been paid.

   Principal Balance:   $1,150,000.00

plus applicable costs, fees and interest at the rate of the Note prior to the date of default and applicable costs, fees and interest at the default rate of the Note after the date of default.

55. The following amount is now due and owing on the BLN and BLM, no part of any of which has been paid.

   Principal Balance:   $625,000.00

plus applicable costs, fees and interest at the rate of the Note prior to the date of default and applicable costs, fees and interest at the default rate of the Note after the date of default.

56. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

57. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

  a. Any state of facts that an inspection of the Property would disclose.

  b. Any state of facts that an accurate survey of the Property would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

d. Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

e. Any right of tenants or person in possession of the Property.

f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

g. Prior mortgages, judgments and lien(s) of record, if any.

h. Transfer taxes to be paid by any foreclosure sale purchaser.

58. No lien intervenes the CEMA and the BLM, and both mortgages are owned by Plaintiff. Accordingly, Plaintiff demands that the court determine the amount due and owing on the CEMA and the BLM and issue a judgment of foreclosure and sale directing the sale of both mortgages as a single lien against the property to be sold in one auction. Alternatively, Plaintiff demands that should the court determine that the CEMA and the BLM should be sold separately, Plaintiff demands that the court direct the auction of the BLM first and the CEMA immediately thereafter.

59. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

60. Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

61. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the CEMA or the BLM or for recovery of the said sum secured by the Consolidated Note, BLN, CEMA and BLM or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcels, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Consolidated Note, BLN, CEMA and BLM as hereinbefore set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Consolidated Note, BLN, CEMA and BLM set forth in this complaint, plus the expenses of such sale to protect the lien of Plaintiff's mortgages, together with interest upon said sums from the dates of the respective payments thereof, so far as the amount of such monies properly applicable thereto will pay the same and that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Queensway may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much

thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
June _6_, 2022

**VALLELY LAW, PLLC**
Attorneys for Plaintiff

By: _____
Erick R. Vallely, Esq.
6851 Jericho Tpke, Suite 105
Syosset, NY 11791
(516) 386-3900

# VERIFICATION

____Erez Bril____, hereby affirms under penalty of perjury that:

I am the __Managing Member__ of the Plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated on my own knowledge are books and records in my possession, and/or the public record.

Dated: June 2, 2022

Sworn to before me this
2 day of June, 2022

_____
NOTARY PUBLIC

ELENA CAMUZA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA5012740
Qualified in Nassau County
Commission Expires June 15, 2023

17