UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                            :

**GOLDEN BRIDGE LLC**, doing business as
**GOLDEN BRIDGE FUNDING LLC**,     :

                           Plaintiff,     :    **MEMORANDUM DECISION AND ORDER**

                        – against –     :    1:22-CV-3551 (AMD) (TAM)

**QUEENSWAY BUILDERS LLC**; **LAST CHANCE FUNDING INC.**; **NEW ERA LUMBER, INC.**, doing business as **NEW ERA LUMBER INDUSTRIES**; **NEW YORK CITY DEPARTMENT OF FINANCE**; **ROC FUNDING GROUP**; **HFH CAPITAL FUNDING LLC**; **NEW YORK CITY ENVIRONMENTAL CONTROL BOARD**; **ATTIQUE REHMAN**; **JOHN ZURITA**; **AND 2S 2J CORP.**,     :

                        Defendants.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On June 16, 2022, the plaintiff filed a complaint seeking the foreclosure and sale of two properties to satisfy the plaintiff's damages, which it alleges consist of $1,775,000 in principal balance owed, plus accrued interest. (ECF No. 14-2 at 7.) The defendants did not answer or otherwise appear to defend this action.[1] On October 11, 2022, the Clerk of Court entered a certificate of default. (ECF No. 13.) The plaintiff filed a motion for default judgment against all defendants on December 12, 2022 (ECF No. 14), which I referred to Magistrate Judge Taryn Merkl on December 14, 2022 (*Dec. 14, 2022 ECF Order*).

---

[1] On July 27, 2022, an attorney entered a notice of appearance for Defendant New York City Environmental Control Board. (ECF No. 9.) To date, the defendant New York City Environmental Control Board has not answered, moved, or otherwise responded to the complaint.

Under the New York Real Property Actions and Proceedings Law ("RPAPL"), "a plaintiff seeking to foreclose upon a mortgage must demonstrate the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage." *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130 at *3 (E.D.N.Y. July 24, 2020) (quotation marks and citation omitted). In a thorough and persuasive decision, Judge Merkl found that the plaintiff satisfied all RPAPL requirements, and that default judgment is warranted against all defendants. (ECF No. 20 at 13, 17.) Judge Merkl recommends awarding the following damages: "(1) outstanding principal of $1,775,000; (2) unpaid interest from April 2, 2021 through May 1, 2021 of $14,791.66; and (3) default interest at a *per diem* rate of $1,183.33, calculated from the date of default, May 2, 2021, through the date of foreclosure and sale." (ECF No. 20 at 23.) To facilitate the judgment of foreclosure and sale, Judge Merkl also recommends the appointment of a referee. (*Id.*)

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Judge Merkl's meticulous and well-reasoned Report and Recommendation for clear error and find none. Accordingly, I adopt the Report and Recommendation in its entirety. The plaintiff's motion for default judgment is granted consistent with the Report and Recommendation. The plaintiff is directed to propose the names of three referees to the Court, along with a brief description of their qualifications.

**SO ORDERED.**

                                                                       s/Ann M. Donnelly

                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
          August 28, 2023

3